**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|                                                      |   |                      |
|------------------------------------------------------|---|----------------------|
| _____ :            |   |                      |
| **UNITED STATES OF AMERICA**                      :  |   | **CRIMINAL ACTION**  |
|                                                   :  |   |                      |
| **v.**                                            :  |   |                      |
|                                                   :  |   |                      |
| **REINALDO TORRES, JR.**                          :  |   | **NO.  08-742-8**    |
| _____:             |   |                      |

**O R D E R**

**AND NOW,** this 1ˢᵗ day of February, 2017, upon consideration of "Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (Doc. No. 643) and "Government's Response to the Defendant's Pro Se Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782" (Doc. No. 659), I find as follows:

1. On October 15, 2009, a grand jury returned a second superseding indictment charging Defendant Reinaldo Torres, Jr. with conspiracy to distribute and distribution of 50 grams or more of cocaine base (Counts One and Two), distribution of five grams or more of cocaine base (Count Three), distribution of cocaine base (Count Four), possession with intent to distribute five grams or more of cocaine base (Count Five), and possession with intent to deliver marijuana (Count Six). On January 5, 2010, Torres pled guilty to all counts. There was no plea agreement. Counts One and Two each carried a maximum term of life imprisonment. See 21 U.S.C. §§ 846, 841(b)(1)(A).

2. In the presentence report, probation determined that Torres qualified as a career offender within the meaning of U.S.S.G. § 4B1.1. As such, under § 4B1.1, the applicable offense level was 37. With a three-level reduction for affirmative and timely acceptance of

1

responsibility, the adjusted offense level was 34. Torres had a criminal history category of VI. Therefore, Torres' range under the Guidelines was 262 to 327 months.[1]

3. In consideration of Torres' arguments regarding his youth and the disparity that then existed under the Guidelines between crack and powder cocaine offenses, I varied downward from the Guidelines range and sentenced Torres to 204 months incarceration.

4. Presently before me is Torres' motion to reduce his sentence pursuant to 18 § 3582(c)(2). Therein, he argues that is he entitled to relief based on Amendment 782 to the United States Sentencing Guidelines, which reduced the offense levels corresponding to most drug quantities under U.S.S.G. § 2D1.1(c) by two levels. For the reasons that follow, I conclude that Torres is ineligible for such a sentence reduction.

5. "A district court only has the authority to consider whether a defendant should receive a reduction in his sentence under § 3582(c)(2) when the defendant has been: (1) sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission; and when such a reduction is (2) consistent with the applicable policy statements issued by the Sentencing Commission." United States v. Weatherspoon, 696 F.3d 416, 422 (3d Cir. 2012). A reduction in a sentence is not consistent with the relevant policy statement unless the amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

6. As noted above, Torres' applicable guideline range was determined by the career offender provisions found in U.S.S.G. § 4B1.1, not the drug quantity table found in § 2D1.1. Therefore, the changes that Amendment 782 made to § 2D1.1 do not impact Torres' sentence. See United States v. Rush, 645 F. Appx. 166, 169 (3d Cir. 2016)

---

[1] I note that Torres did not object to the presentence report's calculation under the Guidelines.

("Amendment 782, which alters the offense levels for drug crimes but does not affect the offense levels for career offenders . . . "); United States v. Ware, 641 F. Appx. 108, 111 (3d Cir. 2016) (Amendment 782 "alters the offense levels for drug crimes but does not affect the offense levels for career offenders"); accord United States v. Snow, 634 Fed. Appx. 569, 573 (6th Cir. 2016); United States v. Whitfield, 620 Fed. Appx. 731, 733 (11th Cir. 2015); United States v. Gray, 630 Fed. Appx. 809, 812 (10th Cir. 2015); United States v. Campbell, 2015 WL 6828770, at *1 (W.D. Pa. Nov. 6, 2015); United States v. Miller, 2015 WL 6735916, at *4 (E.D. Pa. Nov. 4, 2015). As such, Torres is not entitled to relief in light of Amendment 782.

**WHEREFORE**, it is hereby **ORDERED** that "Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (Doc. No. 643) is **DENIED**.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**

_____

**Mitchell S. Goldberg, J.**